```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


CIRENIO CASTANEDA and ROSA      §
JAIMEZ,                         §
                                §
     Plaintiffs,                §
                                §
v.                              §    CIVIL ACTION NO. H-10-2818
                                §
NATIONWIDE PROPERTY AND         §
CASUALTY INSURANCE COMPANY      §
and JOHN ALVAREZ,               §
                                §
     Defendants.                §
```

MEMORANDUM AND ORDER

Pending is Defendants Nationwide Property & Casualty Insurance Company's and John Alvarez's Motion for Partial Dismissal (Document No. 20) of Plaintiffs' Amended Complaint.[1]  Plaintiffs Cirenio Castaneda and Rosa Jaimez ("Plaintiffs") allege breach of contract and the duty of good faith and fair dealing against Defendant Nationwide Property and Casualty Insurance Company ("Nationwide"), and violations of the Texas Insurance Code, fraud, and conspiracy to commit fraud against Nationwide and Defendant adjuster John Alvarez ("Alvarez").[2]  Nationwide and Alvarez (collectively, "Defendants") seek dismissal of all claims except the breach of contract claim against Nationwide under Federal Rule of Civil

---

[1] Document No. 14 (Plaintiffs' Am. Complt.).

[2] Id. John Alvarez allegedly adjusted the claim. See id. ¶ 14.

Procedure 12(b)(6), asserting they are improperly pled under Rules 8 and 9(b).[3]

The Court conditionally granted Defendants' previous Motion for Partial Dismissal due to Plaintiffs' failure to plead facts sufficient to comply with Rules 8 and 9(b),[4] but permitted Plaintiffs to amend their complaint. Plaintiffs did so, adding some new allegations to the "Facts" section in their Amended Complaint.[5]

As Defendants point out, Plaintiffs once again fail to plead the circumstances supporting their fraud claims with the requisite particularity. *See* FED. R. CIV. P. 9(b); Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997) (requiring a plaintiff pleading fraud, pursuant to Rule 9(b), to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent"). Plaintiffs hinge their fraud claim upon a single alleged misrepresentation in a letter from Nationwide to Plaintiffs in which Nationwide states that its damage estimate "represents the amount to restore your damaged property to its pre-loss condition," and "was prepared using reasonable and customary prices for your

---

[3] Document No. 20 at 1-3.

[4] *See* Document No. 12 (Order dated Dec. 29, 2010).

[5] *See* Document No. 14 at 3-4.

geographic area."[6]  Plaintiffs do not assert a single fact to support the allegation that Nationwide or Alvarez knowingly misrepresented the value of the damages, why or in what particulars the statement was in fact false, or when the statement was allegedly made, or whether or how Plaintiffs relied upon or were injured by the alleged misrepresentation.  *See* Carter v. Nationwide Prop. & Cas. Ins. Co., No. H-11-561, 2011 WL 2193385, at *2 (S.D. Tex. June 6, 2011) (Rosenthal, J.) (finding fraud pleading insufficient where the plaintiff did not explain why Nationwide's statement that estimate was "prepared using reasonable and customary prices for your geographic area" was false); Hart v. Nationwide Prop. & Cas. Ins. Co., No. H-10-2558, 2011 WL 2210034 at *3, 6 (S.D. Tex. May 5, 2011) (holding that Nationwide's statement in its letter to the insured was not an actionable misrepresentation).

Likewise, Plaintiffs' claim of conspiracy to commit fraud is purely formulaic and conclusory, and also fails to meet the requirements of Rule 9(b).  *See* Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996) (holding that plaintiff's conspiracy to commit fraud claim was derivative of his fraud claim); *see also* Carter, 2011 WL 2193385, at *2 ("Because [plaintiff] has failed to state a claim for fraud, [plaintiff] has failed to state a claim for conspiracy to commit fraud.").  Accordingly, Plaintiffs' fraud and

---

[6] Document No. 14 ¶ 25.

3

conspiracy to commit fraud claims will be dismissed for failure to comply with Rule 9(b).[7]

Additionally, various of Plaintiffs' other extra-contractual claims again fail to meet Rule 8's standard.[8] While Rule 8 "does not require 'detailed factual allegations,'" it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)). Thus, a complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. (quoting Twombly, 127 S. Ct. at 1965).

---

[7] The Court's Order dated December 29, 2010, put Plaintiffs on notice that they must aver fraud claims with particularity, afforded an opportunity for them to do so, and cautioned Plaintiffs' counsel that averments of fraud are not to be made lightly. Document No. 12 at 5 n.6 ("The Court cautions Plaintiffs, however, that when signing a pleading in this Court, counsel also is making all of the representations to the Court that are set out in Rule 11(b)." (emphasis in original)).

[8] Although Defendants assert that the Rule 9(b) standard applies to all of Plaintiffs' extra-contractual claims, "Rule 9(b)'s stringent pleading requirements should not be extended to causes of actions not enumerated therein." Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc., 115 F. App'x 662, 668 (5th Cir. 2004) (unpublished op.) (citing, *inter alia*, Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 998 (2002)). Plaintiffs' Texas Insurance Code claims, however, do not rely on Nationwide's alleged misrepresentation that estimates are "prepared using reasonable and customary prices for your geographic area," which was the basis for Plaintiffs' putative fraud claim, nor is fraud an element of Plaintiffs' Texas Insurance Code claims. Accordingly, the Court considers only the other alleged facts in determining whether Plaintiffs' extra-contractual claims (other than fraud) meet Rule 8's requirements.

Plaintiffs' claims under sections 541.060(a)(4), 542.055, and 542.056 of the Insurance Code fail to meet this standard. These statutory provisions impose liability for the insurer's failure timely to perform the following actions: acknowledge receipt of a claim, commence investigation, and request any information needed from the insured;[9] affirm or deny coverage;[10] and notify the insured of acceptance or rejection of a claim, with an explanation.[11] The Amended Complaint alleges insufficient facts to state a cause of action under these statutory sections. Plaintiffs allege only that Hurricane Ike struck Houston on September 12-13, 2008, that Plaintiffs reported damages, and that Alvarez, Nationwide's assigned adjuster, inspected Plaintiffs' property on September 21, 2008, which was within seven or eight days after the hurricane struck.[12] The remainder of the allegations respecting these causes of action are mere conclusions. There are no factual allegations specifically as to when and whether Plaintiffs submitted information necessary to process the claim, when Nationwide made to Plaintiffs what they allege was a "severe underpayment," what damages were and were not covered by the payment, and what explanation Nationwide did or did not provide with any such

---

[9] TEX. INS. CODE ANN. § 542.055.

[10] Id. § 541.060(a)(4).

[11] Id. § 542.056.

[12] Document No. 14 at 3.

payment. *See* <u>Luna v. Nationwide Prop. & Cas. Ins. Co.</u>, --- F. Supp. 2d ---, 2011 WL 2565354, at *5 (S.D. Tex. June 27, 2011) (finding that a substantially similar complaint failed to meet Rule 8's pleading standard for extra-contractual insurance code claims where the complaint failed to provide "any example of an undervalued or denied claim," had "vague and ambiguous assertions of unfair settlement practices," and failed "to specify what was unreasonable delay in payment").

Plaintiffs do allege, however, that the interior of their home sustained significant damage from water intrusion--to its ceilings, walls, insulation, and flooring, and that the home's contents and Plaintiffs' personal belongings were also damaged; but that Alvarez "failed to inspect the home's interior, yet he determined in his report dated September 21, 2008, that the Property's interior had no damage."[13]  Plaintiffs further allege that Alvarez's estimate did not include "Overhead" and "Profit" adjustments and further applied an "unreasonable 25% depreciation rate for a roof that was only 5 years old at the time of the storm."[14]

There is sufficient detail in these allegations to pass muster under Rule 8's liberal pleading standard to state a cause of action for the unfair settlement practice of refusing to pay a claim

---

[13] <u>Id.</u> ¶ 18.

[14] <u>Id.</u>

"without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE ANN. §§ 541.151, 541.060(a)(7).

These factual allegations therefore also suffice to state a claim for breach of the duty of good faith and fair dealing, and for the unfair settlement practice of "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Id. § 541.060(a)(2)(A); Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 56 n.5 (Tex. 1997) ("[W]e reaffirm that an insurance company may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim."); *see also* Progressive Cnty. Mut. Ins. Co. v. Boyd, 177 S.W.3d 919, 922 (Tex. 2005) (holding that the "common-law bad-faith standard is the same as the statutory standard" in the Insurance Code and Deceptive Trade Practices Act). Furthermore, the allegedly unreasonable investigation could give rise to the inference that any findings derived from that investigation, and hence Defendant's explanation of coverage based upon that investigation, were not reasonable, thereby alleging a violation of 541.060(a)(3). *See* Russell v. State Farm Lloyds, No. CIV.A.3:01-CV-1305-D, 2001 WL 1326501, at *3 (N.D. Tex. Oct. 15, 2001) (finding that if the complaint's assertions that a claims adjuster disregarded evidence and failed fully and properly to investigate the claim were assumed true, they would "indicate that [the

adjuster] failed 'to provide promptly to a policyholder a *reasonable* explanation . . . for the insurer's denial of a claim or for the offer of a compromise settlement of a claim'" (quoting former article 21.21, section 4(10)(a)(iv) of the Insurance Code, predecessor to section 541.060(a)(3)) (emphasis in original)); *cf.* Mid-Continent Cas. Co. v. Eland Energy, Inc., --- F. Supp. 2d ---, 2011 WL 2417158, at *31 (N.D. Tex. June 14, 2011) ("[T]he trier of fact can look to the insurer's diligence in other respects to determine whether the insurer gave a reasonable explanation . . . ." (citing Russell, 2001 WL 1326501, at *3)).

Finally, because Plaintiffs have "sufficiently alleged that [their] claims were wrongfully rejected," they have stated a claim for the failure promptly to pay under section 542.058 of the Insurance Code. Encompass Office Solutions, Inc. v. Ingenix, Inc., --- F. Supp. 2d ---, 2011 WL 1229737, at *17 (E.D. Tex. March 31, 2011). Section 542.058 requires only that the insurer wrongfully deny coverage, which could therefore subject it to the penalties for failure promptly to pay. *See* United Servs. Auto. Ass'n v. Croft, 175 S.W.3d 457, 474 (Tex. App.--Dallas 2005, no pet.) ("When an insurance company denies a claim, it runs the risk that its decision may be wrong and subject it to liability [for failure promptly to pay].")).

In sum, the following of Plaintiffs' claims survive the motion to dismiss: (1) breach of the duty of good faith and fair dealing; (2) the unfair settlement practices alleged under Insurance Code sections 541.060(a)(2)(A), (a)(3), and (a)(7); and (3) the prompt payment claim alleged under Insurance Code section 542.058.  The claims of fraud, conspiracy to commit fraud, and violations of sections 541.060(a)(4), 542.055, and 542.056 of the Insurance Code will be dismissed.  Accordingly, it is

ORDERED that Defendants' Nationwide Property & Casualty Insurance Company's and John Alvarez's Motion for Partial Dismissal (Document No. 20) is GRANTED IN PART, and Plaintiffs' fraud and conspiracy to commit fraud claims, and claims alleging violations of Texas Insurance Code sections 541.060(a)(4), 542.055, and 542.056, are all DISMISSED WITH PREJUDICE.  FED. R. CIV. P. 12(b)(6).  The motion is otherwise DENIED.

By Order signed December 29, 2010, the Court conditionally granted Defendant Nationwide's previous motion to dismiss all claims except Plaintiffs' breach of contract claim, but allowed Plaintiffs an opportunity to file an amended complaint "that fully complies with Rules 8, 9(b), and 11(b)."  Plaintiffs thereafter filed their Amended Complaint and appear to have done their best to state non-contractual claims, some of which survive.  Plaintiffs have therefore had ample opportunity to plead their non-contractual claims and no further leave to amend is warranted.  *See* Herrmann

Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 566-67 (5th Cir. 2002).

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 1st day of September, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE